IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>     v.              )   Magistrate No.  11-09  Erie<br>)<br>DAVID A. RINKE II           ) | |

**MOTION FOR STAY AND REVOCATION OF RELEASE ORDER**

   On February 25, 2011, David A. Rinke II was charged via a Criminal Complaint with receipt and distribution of material which depicts minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) and possession of material which depicts minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).  At the initial appearance on February 25, 2011, the government sought Rinke's detention.  A detention hearing was then held on February 28, 2011.  At the conclusion of the hearing, United States Magistrate Judge Baxter released Rinke on a variety of conditions including electronic monitoring and residence with his parents, who are to act as Rinke's third party custodians. The government respectfully requests that Magistrate Judge Baxter's release order be revoked and that Rinke be detained pending the outcome of his trial because the government established by clear and convincing evidence that no conditions of release will assure the safety of the community in this case.

**LAW**

A district judge's review of a magistrate's release order is *de novo*. See United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir. 1985). As the Court is well aware, the government must prove by a preponderance of the evidence that no conditions of release reasonably will assure the defendant's appearance, United States v. Himmler, 797 F.2d 156, 161 (3d Cir. 1986), and by clear and convincing evidence that no conditions of release will assure the safety of the community. 18 U.S.C. §3142(f). Still, a defendant has the burden of producing evidence showing that he will appear and will not pose a threat to the community. United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986).

Since Rinke has been charged with two child pornography related offenses for which Magistrate Judge Baxter has found probable cause exists, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the appearance of the person as required. 18 U.S.C. § 3142(e). Once the rebuttable presumption is established, the burden is then placed on Rinke to produce countervailing evidence that forms a basis for his claim that he will appear and will not pose a threat to the community. United States v. Schenberger, 498 F.Supp.2d 738, 741 (D. N.J. 2007), citing United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986). If Rinke meets this burden of production, the burden then shifts

back to the government to prove a risk of flight by a preponderance of the evidence or dangerousness by clear and convincing evidence. Schenberger, 498 F.Supp.2d at 741, citing United States v. Perry, 788 F.2d 100, 114-15 (3d Cir. 1986). However, even if a defendant rebuts the presumption in favor of detention, it "does not disappear entirely, but remains a factor to be considered among those weighed by the district court." United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001).

The Bail Reform Act sets forth four factors which the Court must consider in determining whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community:

     (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
     (2) the weight of the evidence against the person;
     (3) the history and characteristics of the person, including -
          (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
          (B) whether, at the time of the current offense or arrest, the person was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
     (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C.A. § 3142(g).

The government has sought Rinke's detention pursuant to 18 U.S.C. § 3142(f)(1)(E) because his crimes involve minor victims and he is a danger to the community. A danger to the community does not only include physical harm or violent behavior but also includes non-physical harm. <u>United States v. Giampa,</u> 904 F.Supp. 235, 358 (D. N.J. 1995).

## **FACTS**

On February 16, 2011, FBI Special Agent (SA) Jimmie Daniels, while working undercover, signed on to a peer to peer file sharing computer network[1] via an Internet connected computer located at the FBI Phoenix office using an undercover screen name. Upon signing on to the peer to peer network, SA Daniels queried the list of friends for the account he was utilizing and observed that an individual utilizing the username "Hunter789" was logged into the network. SA Daniels proceeded to browse the shared directory of "Hunter789", labeled "Main folder". The shared directory labeled "Main folder" contained approximately 57,377 files. SA Daniels then observed, in thumbnail view, image files available for sharing in the "Main folder". SA Daniels was able to determine that many of the files being made available for sharing by "Hunter789" depicted minors engaged in sexually explicit conduct.

---

[1] The specific name of the peer to peer file sharing network involved in this case so as not to compromise the FBI's extensive undercover activity on this file sharing network which has increasingly become the network of choice for individuals exchanging child pornography.

SA Daniels then downloaded a total of 66 image files and 5 video files directly from "Hunter789". A representative sample of the files downloaded by SA Daniels from "Hunter789" is summarized as follows:

- a) **!!! NEW !!! Amber - 7yr old pedo-preteen virgin pussy (SELECTIVE TRADE).wmv** - A video depicting a prepubescent female exposing her vaginal area. During the video the camera focuses on the minor's vaginal area as the minor uses her hands to further expose her vaginal area.

- b) **IMG_1119.jpg** - An image of an adult male, who is wearing a buttondown type shirt, placing his exposed penis into the vaginal area of a minor female who appears to be approximately one to two years of age. The minor female is laying on a couch with her dress pulled above her waist exposing her legs and vaginal area. The adult male has his hands on the minor's knees, holding her legs apart.

- c) **1262369908947.jpg** - An image of a naked prepubesecent female sitting on a toilet exposing her vaginal area. There appears to be a pencil inserted in the girl's vagina.

- d) **IMG_E_27.jpg** - An image of an adult male performing oral sex on a minor male.

During the download, SA Daniels used the program CommView to identify the Internet Protocol (IP) address utilized by "Hunter789" which was 74.106.188.193. SA Daniels was then able to determine that IP address 74.106.188.193 was registered to Verizon Internet Services on February 16, 2011. On or about February 18, 2011, an FBI administrative subpoena was provided to Verizon Internet Services seeking subscriber information for IP address 74.106.188.193 in use on February 16, 2011. Verizon complied with

the subpoena on or about February 22, 2011, by providing the FBI the following subscriber information for IP address 74.106.188.193 in use on February 16, 2011:

>David A. Rinke II
>969 E 31st St
>Erie, PA 16504
>Account creation date: 01/25/2006

On February 24, 2011, FBI SA Jason Crouse sought and obtained a federal search warrant authorizing a search of the property at 969 East 31st Street, Erie, Pennsylvania for evidence of material depicting minors engaged in sexually explicit conduct. On February 25, 2011, the federal search warrant was executed at 969 East 31st Street, Erie, Pennsylvania by SA Crouse and other law enforcement officers.

During the execution of the search warrant, SA Crouse interviewed David A. Rinke II, the sole occupant of 969 East 31st Street, Erie, Pennsylvania. During the interview, David A. Rinke II revealed that he is "Hunter789" on the peer to peer network that SA Jimmie Daniels was working on in an undercover capacity. Rinke further indicated that he has shared and received child pornography as "Hunter789" on this peer to peer network. Rinke was fully aware that users on this peer to peer network were obtaining child pornography images from his shared folder. Rinke further indicated that his computers are password protected and no one else uses his computer equipment. Rinke lives alone and has a wireless Internet

connection which he has secured so that it can be used by no one but him. Rinke also revealed that he has been collecting child pornography material for approximately ten to fifteen years. After Rinke provided his computer password and the password to an external hard drive connected to his computer, Corporal Robert Pearson of the Pennsylvania State Police was able to verify that at least ten files depicting minors engaged in sexually explicit conduct that were previously downloaded by SA Jimmie Daniels from "Hunter789" were present on Rinke's external hard drive.

Rinke also confirmed that was employed as a tenth grade science teacher at Collegiate Academy in Erie, Pennsylvania. He also revealed that he is a volunteer firefighter and is involved in coaching and refereeing several youth sporting activities.

At the February 28, 2011 detention hearing, the United States also proffered evidence that a preliminary forensic review of Rinke's computer equipment has revealed the presence of thousands of images of child pornography some of which depicts infants and toddlers being raped and sexually violated. Rinke's computer equipment was also found to contain numerous videos of minor males maturbating and exposing their genitalia. These videos were labeled by email address which is indicative of Rinke having had prior contact with these minors over the Internet. Also located were numerous images of minors fully clothed with the focus of the image being on the minor's genitalia. These photos confirmed

Rinke's statement that he had taken photos of boys he found attractive.

The government also presented a letter of reprimand that Rinke received from the Erie School District in November 2010 warning him that he would be terminated if he persisted in having inappropriate contact with students. Along with this letter another piece of documentation was presented which indicated that Rinke was the subject of a parent complaint in 2006 when he instant messaged a female student inappropriately late at night.

Rinke presented the testimony of his mother who indicated a willingness to act as third party custodian along with her husband. Mrs. Rinke also revealed, however, that her son was asked to leave a volunteer fire company after a parent complained about Rinke's contact with her minor son.

**ARGUMENT**

Magistrate Judge Baxter's release order should be vacated because the government established by clear and convincing evidence that Rinke is a danger to the community if released. Moreover, Judge Baxter erred in finding that conditions of release could be fashioned which would reasonably assure the safety of the community. Rinke is charged with the receipt/distribution and possession of numerous images of minors engaged in sexually explicit conduct. The preliminary forensic review revealed the presence of thousands of images of child pornography. Many of the

images depict very young children being raped and brutalized. The images depict circumstances that were obviously deeply disturbing to the children involved. Indeed, the Third Circuit has opined about the devastation wrought by child pornography. In <u>United States v. MacEwan</u>, 445 F.3d 237, 250 (3d Cir. 2006), the Third Circuit noted that "child pornography permanently records the victim's abuse and its continued existence causes the victims of sexual abuse continuing harm by haunting those children in future years."

Further, the government presented evidence that as recently as November 2010, Rinke has been reprimanded by his employer, the Erie School District, for his inappropriate conduct toward students. Rinke's own mother revealed that he had been asked to leave a volunteer fire company because of an incident involving a minor.

The weight of the evidence against Rinke is overwhelming. The execution of the search warrant resulted in the discovery of thousands of images of child pornography on his computer. Rinke has confessed in detail to the crimes charged.

The nature and seriousness of the danger to the community also does not weigh in Rinke's favor. As detailed above, Rinke is a danger to the most vulnerable segment of the community. He has repeatedly, and without hesitancy, demonstrated his insatiable sexual interest in children over more than a decade. Likewise, any restriction or monitoring of his computer use is plainly

9

insufficient in today's world. A defendant's agreement not to use or access a computer is "difficult to enforce." United States v. Schenberger, 498 F.Supp.2d at 744. The Schenberger court further noted:

> Access to the internet is possible through desktop and laptop computers, phones, blackberries, etc . . . Even if the defendant could somehow be prohibited from viewing or exchanging images of child pornography, it is difficult to conceive of measures that could confidently assure that defendant would not communicate with others and encourage the distribution of child pornography and related illicit activities. (internal citation omitted).
> "It is not possible to formulate conditions of release which would completely deprive ... a defendant of the ability to possess or attempt to possess additional child pornography, or to communicate and interact with (via email, internet, or phone) others involved in the possession, sale, and distribution of child pornography, or other sexual abuse of children, which would also create a clear danger by facilitating the criminal and dangerous exploitation of children by other individuals (citation omitted)."

Id. at 745. Hence, in light of Rinke's voluminous and disturbing child pornography, Magistrate Judge Baxter relied far too much on Pretrial Services' limited ability to minimize his danger to the community.

Judge Baxter also failed to give appropriate weight to the documentation from the Erie School District which does not reflect favorably on Rinke at all. Placing Rinke at his parents' house, in a neighborhood full of children, on home detention with electronic monitoring is simply insufficient to ensure the safety of the

children in that neighborhood.

Since Rinke is a clear danger to the community the government respectfully requests that Magistrate Judge Baxter's release order be stayed pending the outcome of the government's appeal.  The government also respectfully requests that Magistrate Judge Baxter's release order be revoked and that Rinke be detained pending the outcome of his case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney


S/Christian A. Trabold
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013